UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BOUTROS, M.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>JANSEN TAN, ANN ELIZABETH SARLI, and OFFICE OF ADMINISTRATIVE HEARING,<br><br>    Defendants. | No. 2:13-cv-01306-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On July 1, 2013, Plaintiff George Boutros ("Plaintiff") filed both a Complaint (Complaint, July 1, 2013, ECF No. 1) and a Motion for Permanent Injunction to Suspend Ongoing of OAH vs. George Boutros (Pl.'s Motion, July 1, 2013, ECF No. 3) against Defendants Jansen Tan, Ann Elizabeth Sarli, and Office of Administrative Hearing(s) (collectively "Defendants"). Given that Plaintiff's Motion seeks to "immediately suspend and ultimately terminate the hearing held at the Office of Administrative Hearing(s) in the Matter of the California Medical Board vs. George Boutros," (ECF No. 3 at 2) and that Plaintiff filed a Temporary Restraining Order ("TRO") checklist along with his Motion (TRO Checklist, July 1, 2013, ECF No. 6), the Court construes Plaintiff's Motion as a Motion for Temporary Restraining Order.

///

Eastern District of California Local Rule 231 governs Temporary Restraining Orders. Rule 231(a) provides that "except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local R. 230(a) (citing Fed. R. Civ. P. 65(b)).

Furthermore, subsection (b) of Rule 231 states:

> [i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order. Should the Court find that the application unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

E.D. Cal. Local R. 230(b).

Finally, subsection (c) lists the documents to be filed by a party seeking a temporary restraining order. E.D. Cal. Local R. 230(c). Under that rule, "[n]o hearing on a temporary restraining order will normally be set unless" certain documents are provided to the Court and to the affected parties or their counsel. Id. Those documents include, inter alia: (1) a complaint; (2) a motion for a temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; (6) a proposed temporary restraining order with a provision for a bond; and (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance. Id.

///
///
///
///

1    In the present case, Plaintiff utterly fails to comply with the requirements of the
2 local rules.  First, Plaintiff's TRO checklist states that there has <u>not</u> "been actual notice,
3 or a sufficient showing of efforts to provide notice to the affected party," that the
4 applicant did <u>not</u> "discuss alternatives to a TRO hearing," and did <u>not</u> ask Defendants "to
5 stipulate to a TRO."  (ECF No. 6.)  Thus, there is no actual notice to the affected party
6 and/or counsel, nor is there any showing of efforts made to provide such notice.  See
7 E.D. Cal. Local R. 230(a).  Accordingly, Plaintiff has failed to comply with the first
8 requirement of the local rules, and there is no showing that this circumstance is so
9 extraordinary that such notice is not required.  Plaintiff's failure to make such a showing
10 warrants summary denial of the Motion for TRO.

11    Second, Plaintiff's TRO checklist does not answer the questions "Has there been
12 undue delay in bringing a TRO?" and "Could this have been brought earlier?"  (ECF
13 No. 6.)  Rather, Plaintiff left the spaces blank provided to answer these questions in the
14 TRO checklist.  (<u>Id.</u>)  Thus, from the face of the TRO checklist, it is unclear to the Court
15 whether there has been undue delay in bringing this Motion for Temporary Restraining
16 Order.  Moreover, upon examination of Plaintiff's Complaint and the documents attached
17 thereto, it appears that the Medical Board of California's proceedings against Plaintiff
18 began in January 2012.  (ECF No. 1 at 33.)  Plaintiff provides no explanation for his
19 delay in seeking a TRO for nearly a year and a half.  There is nothing before the Court to
20 suggest that Plaintiff could not have "sought relief by motion for preliminary injunction at
21 an earlier date without the necessity for seeking last minute relief by motion for
22 temporary restraining order."  <u>See</u> E.D. Cal. Local R. 230(b); <u>see also</u> <u>Occupy</u>
23 <u>Sacramento v. City of Sacramento</u>, 2:11-CV-02873-MCE, 2011 WL 5374748 (E.D. Cal.
24 Nov. 4, 2011) (denying application for TRO for twenty-five day delay).  Plaintiff certainly
25 could have sought a preliminary injunction, without resorting to the extraordinary form of
26 relief that is a TRO, at some point in between January 2012 and the present.  Plaintiff's
27 failure to seek relief for nearly a year and a half contradicts Plaintiff's claims that Plaintiff
28 will be irreparably injured if a temporary restraining order does not issue.

1 | Under the circumstances here, the Court finds that a delay of nearly six months
2 | constitutes an "undue delay" under Local Rule 231(b).

3 |     Finally, Plaintiff fails to comply with Local Rule 231(c), as Plaintiff has provided
4 | the Court only with a Complaint, a brief in support of a Motion for Temporary Restraining
5 | Order, and a TRO checklist.  Plaintiff has not provided the Court with "an affidavit in
6 | support of the existence of an irreparable injury"; "an affidavit detailing the notice or
7 | efforts to effect notice to the affected parties or counsel or showing good cause why
8 | notice should not be given"; "a proposed temporary restraining order with a provision for
9 | a bond"; or "a proposed order with blanks for fixing the time and date for hearing a
10 | motion for preliminary injunction, the date for the filing of responsive papers, the amount
11 | of the bond, if any, and the date and hour of issuance."  See E.D. Cal. Local R. 230(c).
12 | Thus, the Court finds that denial of Plaintiff's Motion for Temporary Restraining Order is
13 | also warranted for failure to comply with the requirements of Local Rule 231(c).

14 |     Lastly, the Court notes that it is completely unclear from either the Complaint or
15 | the Motion for Temporary Restraining Order what event Plaintiff seeks to enjoin.  While
16 | Plaintiff apparently seeks to have this Court intervene with the ongoing proceedings in
17 | the Office of Administrative Hearings, Plaintiff provides no notice of whether, or when, a
18 | hearing or additional proceedings are to be held.  Without notice of what specific event
19 | or action is to be enjoined, the Court cannot evaluate the ultimate merits of the Motion
20 | for Temporary Restraining Order.

21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

1  Due to Plaintiff's failure to provide notice or attempt to provide notice to
2  Defendants, undue delay, and failure to provide the necessary documents to the Court,
3  Plaintiff's Motion for Temporary Restraining Order ("Motion for Permanent Injunction") is
4  DENIED.  (ECF No. 3.)
5  IT IS SO ORDERED.
6  Dated:  July 1, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT