IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BOUTROS, | No. 2:13-cv-1306-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TAN, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, proceeding in this action in propria persona, brings this civil action. Pending before the court is defendants' motion to dismiss (Doc. 15). Plaintiff filed his opposition to the motion (Docs. 16,18) and defendants filed a reply brief (Doc. 36). A hearing on the motion was held on August 28, 2013, before the undersigned in Redding, California. Defense counsel Anthony Hakl appeared telephonically; Plaintiff appeared in person.

      **I.**    **Background**

      Plaintiff brings this action challenging a state administrative process, wherein the State is apparently attempting to revoke his medical license. This is the second case he has filed challenging the same proceedings. The first case was dismissed sua sponte by Judge Karlton, case

1  13cv1234 for lack of federal jurisdiction.[1]

2  The defendants to this action are involved in the underlying state administrative
3  proceedings. Defendant Tan is the Deputy Attorney General prosecuting the underlying action
4  against plaintiff.  Defendant Sarli is the administrative judge overseeing the underlying
5  proceedings.  The final defendant is the Office of Administrative Hearings.

6  In his complaint, plaintiff alleges he is a member of a protected class under Title
7  VII and the Americans with Disability Act.  He references false prosecution as well as denial of
8  due process.  Plaintiff alleges he is perceived as bipolar, and that perception of mental illness is
9  the basis for the revocation of his medical license.  In the complaint, while unclear, it appears
10 plaintiff is claiming that the charges against him are false, that he was not provided an unbiased
11 hearing, that the revocation of his license was based on false information.

12 As to the specific defendants, he alleges defendant Tan acted unethically and
13 abused the power of his office.  He alleges defendant Sarli denied him due process by denying
14 him the right to object, be represented by an attorney, allowing a biased hearing, and threatening
15 him with jail.  Plaintiff sets forth the following specific claims in his complaint: Negligence,
16 Discrimination, and Libel and Slander.  He requests a stay of the state hearings as his form of
17 relief; no damages are requested.

18 **II.     Motion to Dismiss**

19 Defendants filed the motion to dismiss pursuant to Federal Rules of Civil
20 Procedure 12(b)(1), (6).  Defendants argue plaintiff fail to establish federal jurisdiction, the court
21 should abstain from this case pursuant to  Younger v. Harris, 401 U.S. 327, 334-35 (1977), and
22 the defendants are immune to this action.

23

---

24  [1]     The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
25  matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
    Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
26  of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
    378 F.2d 906, 909 (9th Cir. 1967).

### A.     Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack.  See  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  In a facial attack on subject matter jurisdiction, the court is confined to the allegations in the complaint.  In a factual attack, the court is permitted to look beyond the complaint and may consider extrinsic evidence.  See id. (citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1036 (9th Cir. 2004)), Savage v. Glendale Union High Sch., 434 F.3d 1036, 1040 n.2 (9th Cir. 2003).  Jurisdiction must generally be determined prior to a federal court considering a case on its merits. See United States v. Larson, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

1  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for
2  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic
3  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to
4  raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain
5  "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has
6  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at
8  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more
9  than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550
10 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's
11 liability, it 'stops short of the line between possibility and plausibility for entitlement to relief."
12 Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

13         In deciding a Rule 12(b)(6) motion, the court generally may not consider materials
14 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
15 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)
16 documents whose contents are alleged in or attached to the complaint and whose authenticity no
17 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
18 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
19 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
20 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
21 1994).

22         Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
23 amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
24 curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).
25 / / /
26 / / /

**B.     Discussion**

Defendants bring this motion to dismiss (Doc. 15) on the grounds that the case lacks a basis for federal jurisdiction, the court should abstain under Younger, and immunity (judicial and Eleventh Amendment) bars this action.  In opposition to the motion, plaintiff filed two briefs (Docs. 16, 18).  He argues there is no basis for defendants' motion.  Plaintiff claims that his previous case was dismissed due to pleading issues, not on the merits, that the defendants are not the United States government and therefore are not entitled to absolute immunity, and the claims are not barred by the Eleventh Amendment.  In reply (Doc. 36) defendants argue none of plaintiff's multiple filings present any reason why this case should continue.

Federal Jurisdiction

Federal courts are courts of limited jurisdiction.  That limited jurisdiction includes cases involving diversity of citizenship, a federal question, or to which the United States is a party.  It is presumed that federal courts are without jurisdiction over civil actions "and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 376 (1994) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).  Jurisdiction must generally be determined prior to a federal court considering a case on its merits.  See United States v. Larson, 302 F.3d 1016, 1019 (9th Cir. 2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Absent a federal question, a case not involving the United States may properly proceed in federal court only where there is complete diversity of citizenship between the parities and the amount in controversy exceeds the sum or value of $75,000.  See 28 U.S.C. § 1332.  A plaintiff is required to specifically plead the grounds for the court's jurisdiction in his complaint.  See Fed. R. Civ. Proc. 8(a)(1), Century Sw. Cable Television, Inc. v. CIIF Assoc., 945 F.2d 803, 805 (9th Cir. 1994).   The burden is on the plaintiff to establish subject matter jurisdiction.  See Kokkonen, 511 U.S. at 377.

Here, plaintiff makes references to both the Americans with Disabilities Act and Title VII. However, the specific claims he sets forth are all based on state law, including negligence, discrimination, and libel and slander. While it appears that his intention is to proceed under the federal statutes mentioned, on the basis of his perceived disability, he fails to plead sufficient facts for the court to determine whether he can state such a claim. The court may have allowed plaintiff an opportunity to amend his complaint in order to resolve these defects, however, as discussed below, there are additional defects in his case which he will not be able to resolve.

### Younger Abstention

Defendants contend this court should abstain from hearing this case under Younger v. Harris, 401 U.S. 327, 334-35 (1977). The Younger abstention doctrine "forbids federal courts from enjoining pending certain categories of state proceedings except in extraordinary circumstances." Partington v. Gedan, 880 F.2d 116, 120 (9th Cir. 1989). In order for the abstention doctrine to apply, the three-part test of Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982), must be met. The three-part test requires the court to examine

> (1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in the state proceedings.

Id.

In addition, defendants set forth that the Ninth Circuit added another requirement, that the federal action would enjoin the state proceedings. (Citing AmerisourceBergen Corp. V. Roden, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

Defendants argue all the Younger requirements are met:

1. The state administrative proceedings were pending at the time plaintiff filed this action, and are still pending;

    2. There is an important state interest involved in the determination as to whether to revoke or grant a medical license, and there are a complete set of procedures enacted for that purpose;

    3. Plaintiff has the opportunity to raise any constitutional challenges through California's writ of mandate procedure or other judicial proceeding to review the administrative ruling; and

    4. If plaintiff was successful in obtaining the relief he has requested in this case, it would preempt the administrative proceedings in process, having the effect of enjoining those proceedings.

Plaintiff argues that the state interests are protected because he voluntarily offered up his license, and he does not have a meaningful opportunity to adjudicate his Constitutional claims, especially as his constitutional rights are being violated. However, despite plaintiff's arguments to the contrary, the undersigned agrees that all of the <u>Younger</u> requirements appear to be met. Therefore, it would appear appropriate for this court to abstain.

In addition, Judge Karlton set forth in the prior case that there are circumstances under which the court could enjoin a state administrative proceeding, notwithstanding <u>Younger</u>, such as where the administrative agency plainly acted beyond its jurisdiction, and there were no important state interests at stake. However, as in the prior action, there does not appear to be anything alleged in the complaint showing this to be the case. As plaintiff was informed as to this possibility, if he believed the circumstances are such that this exception would apply, he should have set forth sufficient facts in this complaint for the court to find the exception applicable, which he failed to do.

    <u>Immunity</u>

Finally, defendants argue they are each entitled to immunity from action. The defendants to this action include a state agency, a state prosecutor, and an administrative law judge. The immunities alleged are absolute judicial immunity and Eleventh Amendment

7

immunity.  Plaintiff argues no immunity applies  because none of the defendants are the federal government, the immunities alleged are not absolute, and because he is not asking for damages.

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

This judicial immunity has been extended beyond liability for damages, to include injunctive relief and declaratory relief arising from their judicial acts performed in their judicial capacity.  See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *overruled on other grounds by* B. Braun Med., Inc. V. Rogers, 163 F. App'x 500 (9th Cir. 2006).  This immunity also covers hearing examiners and administrative law judges presiding over hearings.  See Butz v. Economou, 792 U.S. 478, 513-15 (1978).

Plaintiff argues defendant Sarli is not immune from criminal charges or injunctive relief.  However, even if defendant Sarli is not immune from criminal charges, criminal charges have not been brought against her, nor does plaintiff have standing to do so.  As stated above, judicial immunity does include immunity to injunctive relief.  Therefore, the undersigned finds defendant Sarli is entitled to judicial immunity.  She is the administrative law judge presiding over plaintiff's license revocation hearing.  The only allegations made against defendant Sarli involve her judicial actions in presiding over those hearings.

/ / /

/ / /

1         Next, the Eleventh Amendment prohibits federal courts from hearing suits brought
2 against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.
3 Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition
4 extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't
5 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th
6 Cir. 1989).

7         The Eleventh Amendment also bars actions seeking damages from state officials
8 acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena
9 v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not,
10 however, bar suits against state officials acting in their personal capacities.  See id.  Under the
11 doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for
12 prospective declaratory or injunctive relief against state officials in their official capacities.  See
13 Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  The Eleventh Amendment also does
14 not bar suits against cities and counties.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690
15 n.54 (1978).

16         Here, plaintiff has named the Office of Administrative Hearings (OAH) as a
17 defendant.  The OAH would appear to be entitled to Eleventh Amendment immunity as a state
18 agency.  However, it is not clear whether defendant Tan would be so protected.  As plaintiff is
19 only requesting injunctive relief, defendant Tan, as a state official, would not be entitled to
20 Eleventh Amendment immunity.  The analysis does not end there, however, as he may be entitled
21 to prosecutorial immunity.

22         Prosecutorial immunity protects eligible government officials when they are acting
23 pursuant to their official role as advocate for the state.  See Imbler v. Pachtman, 424 U.S. 409, 430
24 (1976).  This immunity is absolute, and applies to a prayer for both damages and equitable relief.
25 See Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) (finding "Deputy Attorneys
26 General have [no] role whatever in the issuance or vacation of BMQA orders or in the revocation

or restoration of medical licenses"). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

As the complaint only alleges defendant Tan somehow violated plaintiff's rights within his role of prosecutor, defendant Tan is entitled to absolute immunity. This is not a case wherein the prosecutor was acting as investigator or outside his role as prosecutor. As the prosecutorial immunity applies to both damages and equitable relief, defendant Tan is immune from this action.

It therefore appears each of the named defendants are entitled to immunity. None of the defendants named are state officials, except those acting in their judicial or prosecutorial roles.

### III.  Conclusion

There appear to be a number of basis for granting defendants' motion to dismiss. Plaintiff fails to meet his burden to establish subject matter jurisdiction. Even if this defect is curable, the undersigned finds that the Younger abstention doctrine applies to this case, and the defendants are entitled to immunity. As it is clear that no amendment can cure these later two defects, a dismissal without leave to amend is appropriate. There are also a number of other motions pending in this action, which become moot if the motion to dismiss is granted.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 15) be granted, without leave to amend, the pending motions be denied as moot, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections

/ / /

/ / /

with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE